**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| DMT MACTRUONG, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Civil Action No. 1:26-cv-00541 (UNA) |
| v. | ) | |
| | ) | |
| JEFF BEZOS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This matter is before the Court on its initial review of Plaintiff's *pro se* Complaint, ECF No. 1, and Application for Leave to Proceed *in forma pauperis*, ECF No. 2. The Court grants Plaintiff's *in forma pauperis* Application, and for the reasons explained below, it dismisses this matter without prejudice.

Here, Plaintiff, a resident of New Jersey, attempts to bring this matter on behalf of several other Plaintiffs, including members of the Kennedy family—both alive and deceased, Vice President Kamala Harris, a U.S. Representative, famous actors, journalists, and other public figures. None of these other purported Plaintiffs have signed the Complaint, *see* Fed. R. Civ. P. 11(a), and it is clear that their "participation" in this case is imagined. And, in any event, a *pro se* litigant can represent only himself in federal court. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel."); *Georgiades v. Martin–Trigona*, 729 F.2d 831, 834 (D.C. Cir. 1984) (individual "not a member of the bar of any court . . . may appear *pro se* but is not qualified to appear in [federal] court as counsel for others") (citation and footnote omitted).

The allegations fare no better. Plaintiff sues President Trump and the First Lady, the White House Chief of Staff and Deputy Chief of Staff, the Vice Chair of the Kennedy Center Board of

Trustees, a former U.S. Attorney General, journalists, Jeff Bezos, and Amazon.Com, Inc.   The Complaint consists of Plaintiff's biography and anecdotes from his life spanning decades, and then shifts into his personal opinions regarding Bezos' "limited vision and lack of fair play," and his alleged "fraudulent conversion" of Plaintiff's "book royalties and the 10B prize," as well as the Defendants' "felonies of degrading the JFK Memorial for Performing Arts," and "torts of defaming and libeling the Plaintiffs herein, more particularly the [Kennedy] heirs, admirers, proud citizens, and "people of the USA."   He demands $25 billion in damages.

First, Plaintiff's Complaint fails to comply with Federal Rule 8(a), which requires such pleadings to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004).   As presented, neither the Court nor Defendants can reasonably be expected to identify Plaintiff's intended claims. When, as here, allegations are presented in a "disorganized and convoluted" manner, dismissal is often appropriate for that reason alone.  *See Spence v. U.S. Dep't of Vet. Affairs*, No. 19-cv-1947, 2022 WL 3354726, at *12 (D.D.C. Aug. 12, 2022), *aff'd*, 109 F.4th 531 (D.C. Cir. 2024), *cert. denied*, 145 S. Ct. 594 (2024).   In other words, a complaint that "contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments [,]"does not fulfill the requirements of Rule 8, *Jiggetts v. Dist. of Columbia*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom*. *Cooper v. Dist. of Columbia*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017), and a "confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8," *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted).

Second, under Article III of the Constitution, federal courts "may only adjudicate actual, ongoing controversies," *Honig v. Doe*, 484 U.S. 305, 317 (1988), of which "the core component of standing is an essential and unchanging part[.]" *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992).  To satisfy the standing requirement, a plaintiff must establish at a minimum (1) that he has "suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical[;]" (2) that "a causal connection" exists "between the injury and the conduct complained of . . . and [is] not the result of the independent action of some third party not before the court[;]" and (3) that the injury will "likely" be redressed by a favorable decision.  *Id.* at 560–61 (alterations, internal quotation marks, and citations omitted). "[A] defect of standing is a defect in subject matter jurisdiction." *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987).

Here, Plaintiff's concerns about the Kennedy Center, and more generally about the federal government, are not particularized to himself, and applicable here, "a plaintiff raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy," *Lujan v. Defend. of Wildlife*, 504 U.S. 555, 573–74 (1992); *see Warth v. Seldin*, 422 U.S. 490, 499 (1975) (finding that where "the asserted harm is a 'generalized grievance' shared in substantially equal measure by . . . a large class of citizens, that harm alone normally does not warrant exercise of jurisdiction."). Where, as here, a "[p]laintiff's stake is no greater and his status no more differentiated than that of millions of other voters[,] . . . his harm is too vague and its effects too attenuated to confer standing on any and all voters." *Berg v. Obama*, 574 F. Supp. 2d 509, 519 (E.D. Pa. 2008), *aff'd*, 586 F.3d 234 (3rd Cir. 2009), *cert. denied*, 555 U.S. 1126 (2009).

Consequently, for all of these reasons, this case is dismissed without prejudice.  A separate Order accompanies this Memorandum Opinion.


DATE: May 26, 2026                              /s/ CHRISTOPHER R. COOPER
                                                     United States District Judge